UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GAYLA KANE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:12-cv-552-WTL-MJD |
| ) | |
| SMITHS MEDICAL ASD, INC., ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON PLAINTIFF'S MOTION TO STRIKE

Before the Court is the Plaintiff's Motion to Strike the Defendant's Affirmative Defenses (Docket No. 17). The motion is fully briefed, and the Court, being duly advised, now **DENIES** the Plaintiff's motion for the reasons, and to the extent, set forth below.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that the Court, on its own or on motion from either party, "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored; however, "where . . . motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989). Because affirmative defenses are subject to the "General Rules of Pleading" under Rule 8, affirmative defenses must be stated "in short and plain terms." Fed. R. Civ. P. 8(b)(1)(A). "Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings" and "[o]rdinarily, [affirmative] defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." *Heller*, 883 F.2d at 1294.

## II. BACKGROUND

Plaintiff Gayla Kane filed suit in this Court against Defendant Smiths Medical ASC, Inc. ("Smiths"), asserting retaliation in violation of Title VII of the Civil Rights Act of 1964 and negligent retention of Kane's supervisor. Smiths filed its Answer and Affirmative Defenses, and Kane has moved to strike all but one of Smiths' defenses.

## III. DISCUSSION

Kane acknowledges that courts are split as to whether *Twombly* and *Iqbal* apply to the pleading of affirmative defenses; this Court has held that *Twombly* and *Iqbal* do not apply to affirmative defenses. *J&J Sports Prods., Inc. v. Munoz*, 2011 WL 2881285 at *1 (S.D. Ind. 2011). Nevertheless, Kane argues that Smiths' affirmative defenses must be stricken because they do not pass muster under *Heller*.

With respect to affirmative defense one (failure to state a claim for which relief can be granted), Kane's motion is denied. Although this is not technically an affirmative defense, this language is specifically listed in Form 30. Federal Rule of Civil Procedure 84 explicitly states that the forms suffice under the Rules. Thus, the Court will not strike affirmative defense number one.

As to defenses two (mitigation of damages), six (same action), seven (statute of limitations), eight (reasonable care), nine (absence of damage), and ten (estoppel/res judicata), Kane's motion is **DENIED**.[1] Each of these defenses raises a question of law or fact and is sufficient under *Heller*.

Kane's motion is also denied as to affirmative defense eleven (reservation of defenses), which the Court notes is not an affirmative defense at all. Instead, it is Smiths' attempt to reserve

---

[1] Smiths has withdrawn affirmative defense three.

its right to add additional defenses. This is unnecessary. If Smiths wishes to add additional defenses, it may seek to amend in a Rule 15 motion.

Finally, Kane takes issue with affirmative defense number four. Kane argues that affirmative defense number four is effectively a denial of complaint allegation 3 – "All conditions precedent to the filing of this action have been met by Kane in that she timely filed a charge of discrimination with the [EEOC] and has filed this action within 90 days of receiving a right-to-sue letter from the EEOC." Rule 11(b)(4) requires that "denials of factual contentions [be] warranted on the evidence or, if specifically so identified, [be] reasonably based on belief or a lack of information," and, Kane argues, Smiths' affirmative defense does not reveal whether it is based on the evidence or based on belief or a lack of information. The Court does not so read Smiths' affirmative defense. Rather, Smiths' Answer admits the factual contentions of allegation three while withholding concession as to the legal conclusion contained in it. Its affirmative defense four, then, simply complements its response to allegation three by preserving the argument that the statutory or jurisdictional prerequisites are not met. Affirmative defense four is otherwise sufficient under *Heller* and therefore the Court **DENIES** Kane's motion as to affirmative defense four.

## IV. CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Strike (Docket No. 17) is **DENIED.**

SO ORDERED:   09/25/2012

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.